DAEWOO MOTOR AMERICA, INC.,
a corporation, Plaintiff,

v.

DONGBU FIRE INSURANCE
COMPANY, LTD., a cor-
poration, Defendant.

No. CV01–07261 DDP(RNBX).

United States District Court,
C.D. California.

Nov. 21, 2001.

**1128**

David E.R. Woolley, Attorney at Law, Los Angeles, CA, for Daewoo Motor America, Inc.

Edgar J. Gutierrez, Meyers & McConnell, Los Angeles, CA, for Dongbu Fire Insurance Company, Ltd.

## ORDER DENYING MOTION TO DISMISS

PREGERSON, District Judge.

This matter comes before the Court on the defendant's motion to dismiss the plaintiff's first amended complaint for insufficiency of service of process. After reviewing and considering the materials submitted by the parties, and hearing oral argument, the Court adopts the following Order.

## I. Background

The defendant in this action, Dongbu Fire Insurance Company, Ltd. ("Dongbu"), moves this Court to dismiss the plaintiff's first amended complaint ("FAC") on the grounds that service of process by the plaintiff Daewoo Motor America, Inc. ("DMA") is insufficient to confer jurisdiction over Dongbu. Dongbu is a Korean corporation with its principal place of business in Seoul, Korea. (Def's Mot. at 3.)

The FAC alleges that the defendant delivered an insurance policy to DMA in California that covered risks to automobiles that were known or expected to be in California. (FAC ¶ 9.) Specifically, Dongbu issued an open cargo insurance policy to DMA that was in effect from July 25, 2000 until July 25, 2001. (Pl's Mot. at 3.) The FAC alleges that approximately 400 automobiles which were owned by DMA were damaged by flooding while at the Port of Los Angeles on October 26, 2000; that DMA had identified to Dongbu each automobile that fell within the terms of Dongbu's policy on or before November 27, 2000; and that Dongbu has not paid the sums due to DMA under the policy. (FAC ¶¶ 8–12.)

In this action, DMA attempted service on Dongbu in California through Dongbu's alleged statutory agent, the California Commissioner of Insurance, pursuant to California Insurance Code § 12931.[1] On

1. California Insurance Code § 12931 provides in part:
    (a) Service of legal process, notices or other papers described in or referred to by Section 1452, 1605, 1610 ... may be made upon the commissioner in the instances enumerated in this section and under the circumstances prescribed in this section by delivering to the commissioner or his deputy two copies thereof for each person or party defendant so served accompanied by payment of twelve dollars ($ 12) for each such person

or about September 21, 2001, DMA attempted to serve the summons and complaint on the Commissioner pursuant to the Unauthorized Insurers Process Act and California Insurance Code §§ 1610 and 12931.[2]

## II. Discussion

The defendant contends that DMA's attempts at service under the provisions of the California Insurance Code are fatally defective because the Hague Service Convention is the exclusive means of serving a foreign corporation. According to Dongbu, failure to comply with the Hague Convention renders service on a foreign defendant void even where the defendant has actual notice of the lawsuit. *Floveyor Int'l. Ltd. v. Superior Court*, 59 Cal. App.4th 789, 794, 69 Cal.Rptr.2d 457 (1997).

Article 1 of the Hague Convention provides: "The present convention shall apply in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad." 20 U.S.T. 362. By virtue of the Supremacy Clause, the defendant con-

tends, the Hague Convention pre-empt inconsistent methods of service prescribed by state law in all cases to which it applies. DMA does not purport to have served the complaint on Dongbu in accordance with the Convention. The plaintiff contends that the Hague Service Convention is never implicated if a foreign national is served properly through its agent in this country (in this case, the California Commissioner of Insurance).

In *Volkswagenwerk v. Schlunk*, the plaintiff Schlunk filed a wrongful death action in Illinois against Volkswagen America (VwoA) and Volkswagen Germany (VWAG). 486 U.S. 694, 108 S.Ct. 2104, 100 L.Ed.2d 722 (1988). The German defendant moved to quash service on the grounds that it could only be served in Germany pursuant to the Hague Convention, which it claimed constituted the exclusive means for service on a corporation domiciled in a treaty state. The Supreme Court affirmed the finding of the lower state court that the Illinois long-arm statute authorized Schlunk to serve VWAG by substituted service on VWoA, without sending the documents to Germany. The

---

or party, and by complying with the other provisions of this section.

(b) The situations under which such service may be so made and the circumstances under which these provisions apply are: (3) In actions against nonadmitted insurers, including nonadmitted fraternal benefit societies and reciprocals, under the circumstances described in Article 4 (commencing with Section 1610) of Chapter 4 of Part 2 of Division 1. This provision shall not apply to actions brought under insurance policies or certificates issued by nonadmitted insurers placed by surplus line brokers or special lines surplus line brokers where such insurance contract names a resident of this state as agent for service of process.

*See* Cal. Ins.Code § 12931.

**2.** California Insurance Code § 1610 provides that:

Any of the acts described in Section 1611, when effected in this State, by mail or otherwise, by a foreign or alien insurer which is nonadmitted at the time of the solicitation, issuance or delivery by it of contracts of insurance to residents of this State, or to corporations authorized to do business in this State, is equivalent to and shall constitute an appointment by such insurer of the commissioner and his successor or successors in office to be its true and lawful attorney, upon whom may be served all lawful process in any action, suit, or proceeding instituted by or on behalf of an insured or beneficiary arising out of any such contracts of insurance, and any such act shall be signification of its agreement that such service of process is of the same legal force and validity as personal service of process in this State upon such insurer.

*See* Cal. Ins.Code § 1610.

Court held that the Convention applies only when the internal law of the forum requires service abroad. "Where service on a domestic agent is valid and complete under both state law and the Due Process Clause, our inquiry ends and the Convention has no further implications." *Id.* at 707, 108 S.Ct. 2104. In other words, the internal law of the forum determines whether there is an occasion for service abroad as a threshold question. Thus, the Court held that a litigant may, consistent with the Convention, serve process on a foreign corporation by serving its wholly owned domestic subsidiary, because such process is not "service abroad" within the meaning of Article 1. *Id.*

The plaintiff in this action contends that *Volkswagenwerk* stands for the proposition that state laws that permit service on a foreign defendant doing business in the state by delivery to a statutory agent are valid and not pre-empted by the Convention. Therefore, DMA's service on Dongbu's California statutory agent is valid.

### A. *California Law*

■ California's long-arm statute provides that a court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or the United States. Cal.Code Civ. Proc. § 410.10. The plaintiff points out that California has an interest in ensuring that its citizens, including its corporations, are not victimized by foreign insurers who do business in California and then take refuge abroad when it is time to pay an insured's losses. Accordingly, California Insurance Code § 12931 provides that service of legal process may be made upon the California Insurance Commissioner in actions against non-admitted insurers. *See* Cal. Ins.Code § 12931(a) and (b).

■ DMA claims that it has effected service on Dongbu's statutory agent in California in accordance with the procedures set out in California Insurance Code § 12931(c). California Insurance Code § 1611 provides four grounds on which the Insurance Commissioner will be the designated agent for service of process.[3] DMA has alleged in the FAC that Dongbu delivered the applicable policy in California and that Dongbu conducts business in California. (FAC ¶¶ 5,9.) Therefore, DMA has alleged sufficient facts on which to base its claim that the California Insurance Commissioner is the designated agent of Dongbu for service of process.

According to the plaintiff, California identifies the act of service as the delivery to Dongbu's statutory agent. In order to ensure that actual notice is received, the plaintiff and the Commissioner are also required to provide notice of the receipt of the statutory agent. After DMA has effected service upon the Commissioner, the Commissioner is then required to transmit the document to his "principal" (in this case, Dongbu). The plaintiff has served the Commissioner and the plaintiff has represented to the Court that the second step, whereby the Commissioner notifies the principal, is currently underway.

---

**3.** California Insurance Code § 1611 provides that:

> The acts referred to in Section 1610 are:
> (1) The issuance or delivery to residents of, or to corporations authorized to do business in, this State of contracts of insurance insuring (a) the lives or persons of residents of this State physically present herein at the time of such issuance or

> delivery or (b) property or operations located in this State.
> (2) The solicitation of applications for such contracts.
> (3) The collection of premiums, membership fees, assessments or other considerations for such contracts.
> (4) Any other transaction of business arising out of such contracts.
> Cal. Ins.Code § 1611.

(Woolley Decl. ¶ 12.) The statute also required DMA to mail a copy to Dongbu within 10 days, and DMA has complied with this provision. (Pl's Mot. at 4.)

Just as VwoA was the agent of VWAG under the internal law of the forum state in *Volkswagenwerk*, the Court finds that the California Insurance Commissioner is the agent (albeit involuntary) of Dongbu under California law. Therefore, the internal law of the forum state does not require service abroad because service is properly effected on DMA's agent. In order to cure any defects in actual notice, the defendant received notification of the lawsuit though the plaintiff and will also receive notice through the Commission itself.

This method of service comports with the Due Process Clause because it provides notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and affords them an opportunity to present their objections. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950). Because service was properly effected on the defendant's statutory agent, the California Commissioner of Insurance, and the internal law of the forum does not require service abroad, the Court finds that the Convention is not implicated.

### B. *Defendant's Response*

The defendant contends that the California Insurance Code provisions are preempted by the Hague Convention. The defendant contends that DMA's theory of service (that service took place in California when the documents were sent to Dongbu's "agent," the Insurance Commissioner, and that the Hague Convention is inapplicable because there was no occasion to transmit the documents for service abroad) cannot be squared with the Supremacy Clause. If the Court finds that,

as a matter of California state law, the Insurance Commissioner is Dongbu's involuntary agent for service (and therefore that service has properly occurred in California), the Court impermissibly violates the Supremacy Clause by privileging state law over a treaty.

■ However, the proposition that Dongbu cites as untenable—that service on a foreign corporation occurs within the state if state law labels someone in the state as an involuntary agent—is in effect what the Supreme Court held in *Volkswagenwerk* (subject to the limitation that such service comports with the requirements of both state law and the Due Process Clause). The Supremacy Clause is not at issue in this case because, according to the Supreme Court's holding in *Volkswagenwerk*, the Hague Convention is not implicated until a determination is made that service abroad is necessary. In the instant matter, there is no "occasion to transmit a judicial or extrajudicial document for service abroad." *See Volkswagenwerk*, 486 U.S. at 699, 108 S.Ct. 2104. Thus, the Convention is not at issue and there is no conflict between the Convention's requirements and state law.

### C. *Improper Venue*

In its reply brief, Dongbu argues for the first time that a forum selection clause in the applicable insurance policy provides that: "This insurance is subject to English law and practice but Korean jurisdiction." (Def's Reply at 10.) Therefore, Dongbu claims, even if the Court denies Dongbu's motion to dismiss for insufficiency of service of process, the Court should dismiss this action on the grounds that venue is improper based on the contract's forum selection clause.

■ This argument was not raised in the defendant's motion to dismiss. The right to object to improper venue is waived

by failing to interpose a timely and sufficient objection. *Libby, McNeill, & Libby v. City Nat'l Bank*, 592 F.2d 504, 510 (9th Cir.1978). To be timely, any objection by the defendant must be raised in the first responsive pleading. *See* Fed.R.Civ.P. 12(h)(1) & 12(g). The Court finds that Dongbu has therefore waived the defense of improper venue by failing to raise this argument in its first responsive pleading. Finally, the Court agrees with DMA that the language of the forum selection clause is permissive and non-exclusive, rather than mandatory, and thus does not preclude suit elsewhere than Korea.

## III. Conclusion

The Court finds that the plaintiff effectuated substituted service on Dongbu, a foreign corporation defendant allegedly doing business in California, under California Insurance Code § 12931 and in accordance with *Volkswagenwerk*. Therefore, the Court denies the defendant's motion to dismiss the FAC or to quash service.

IT IS SO ORDERED.