**Sharon HOPE, Plaintiff,**

v.

**OTIS ELEVATOR COMPANY, Ohana Hotels–Resorts, Outrigger Hotels–Resorts, Defendants.**

**No. CIVS042223GEBCMK.**

United States District Court, E.D. California.

June 29, 2005.

---

Stewart C. Altemus, Altemus and Wagner, Redding, CA, for Plaintiff.

Julie Driscoll Farrah, Ericksen Arbuthnot Kilduff Day and Lindstrom, San Francisco, CA, Kevin Bernard Mullen, Borton Petrini and Conron, Rancho Cordova, CA, for Defendants.

## ORDER [*]

BURRELL, District Judge.

Defendant Outrigger Enterprises, Inc., dba Ohana Hotels and Resorts and Outrigger Hotels and Resorts (collectively "Outrigger"), move for dismissal for lack of personal jurisdiction. Alternatively, Outrigger moves for dismissal for defective service of process. Outrigger also moves, in the alternative, for dismissal or transfer of this action because this District is an improper venue, or for transfer of the action to Hawaii for convenience of the parties and witnesses.

Plaintiff asserts a tort claim based on personal injuries she allegedly sustained when an elevator she used at Outrigger's hotel in Hawaii malfunctioned. For the reasons explained below, Outrigger's motion is denied.

### PERSONAL JURISDICTION

Since California's long-arm statute confers jurisdiction to the maximum

---

[*] This matter was determined to be suitable for decision without oral argument. L.R. 78–

230(h).

extent permitted by due process, Cal.Civ. Proc.Code § 410.10, Outrigger is subject to the specific personal jurisdiction of California if (1) it purposefully availed itself of the benefits and protections of California, (2) its contacts arise out of or relate to Plaintiff's underlying cause of action, and (3) exercise of personal jurisdiction is reasonable. *Hedrick v. Daiko Shoji Co., Ltd., Osaka,* 715 F.2d 1355, 1358 (9th Cir.1983); *See Ochoa v. J.B. Martin & Sons Farms, Inc.,* 287 F.3d 1182, 1188 n. 2 (9th Cir. 2002) (holding that "[j]urisdiction may be established with a lesser showing of minimum contacts if considerations of reasonableness dictate.").[1] Plaintiff bears the burden of making a *prima facie* showing that personal jurisdiction is proper. *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.,* 328 F.3d 1122, 1129 (9th Cir.2003).

### 1. *Purposeful Availment*

■ To establish Outrigger's contact with California, Plaintiff proffers the uncontested allegations in her Complaint that Outrigger "advertise[s] and [has] significant economic contact in California." (Compl.¶ 3.) Plaintiff also declares that she stayed at Outrigger's hotel because Outrigger was hosting a convention that she attended. (Hope Decl. ¶ 3.) In addition, Plaintiff submits an authenticated copy of portions of Outrigger's web site inviting California residents to contact an "Outrigger Specialist" located in several cities throughout California. (Altemus Decl. ¶ 1; Exh. B–1, B–2, B–3, and B–4.)

■ When determining whether Plaintiff has established a prima facie case of personal jurisdiction, "[u]ncontroverted allegations in the plaintiff's complaint must be taken as true," and reasonable inferences that can be drawn from the evidence must be drawn in Plaintiff's favor. *WNS, Inc. v. Farrow,* 884 F.2d 200, 203 (5th Cir.1989); *Altmann v. Republic of Austria,* 317 F.3d 954, 962 (9th Cir.2002). Plaintiff's Complaint, her declaration, and the exhibits attached to her attorney's declaration indicate that Outrigger targets its advertising to California residents and is associated with several California travel agents. It is reasonable to infer that this activity also occurred at the time the alleged injury occurred, especially in light of Plaintiff's declaration that she stayed at Outrigger's hotel in November 2002 to attend a convention hosted there, and that she arranged her trip through a travel agent in Sonora, California. (Hope Decl. ¶ 3.) Outrigger's inferred association with several travel agents in California and the targeted advertising on its web site constitute purposeful availment for purposes of personal jurisdiction. *See Decker Coal Co. v. Commonwealth Edison Co.,* 805 F.2d 834, 840 (9th Cir.1986) (holding that "if the defendant directly solicits business in the forum state, the resulting transactions will probably constitute the deliberate transaction of business invoking the benefits of the forum state's laws.").

### 2. *Relation between Contacts and Plaintiff's Tort Claim*

■ Outrigger argues that Plaintiff has not shown that Outrigger had contacts with California that gave rise or relate to Plaintiff's tort claim. According to Outrigger, Plaintiff merely establishes that Outrigger *currently* advertises to residents in California and *currently* affiliates with California travel agencies. (Outrigger Reply Mem. at 2.) However, Outrigger does not deny that it conducted targeted advertising in California or that it associated

---

**1.** Plaintiff does not argue in her opposition that Outrigger is subject to general jurisdiction in California. (Pl.'s Opp. Mem. at 4.)

with California travel agents before Plaintiff's alleged injury.

A "but for" test is used when determining "whether a particular claim arises out of forum-related activities." *Ballard v. Savage*, 65 F.3d 1495, 1500 (9th Cir.1995). The question, therefore, is this: but for Outrigger's advertising and associations with travel agents, would Plaintiff have stayed at Outrigger's hotel in Hawaii? *Cf. Cubbage v. Merchent*, 744 F.2d 665, 670 (9th Cir.1984) (holding that plaintiff's malpractice claim arose out of defendant's solicitation of patients from California).

Plaintiff declares that she arranged for her stay at Outrigger's hotel to attend a convention held there through an unidentified travel agent in Sonora, California, and Outrigger's current web site indicates that "Outrigger Specialists" are located in Sonora. (Hope Decl. ¶ 3; Altemus Decl. Exh. B-1.) It is reasonable to infer from Plaintiff's evidence that Outrigger's advertising and association with California travel agents were "but for" causes of Plaintiff's stay at Outrigger's hotel and, consequently, her use of the elevator at Outrigger's hotel.[2] Thus, Plaintiff has made a prima facie showing that Outrigger is subject to specific jurisdiction in California for Plaintiff's tort claim.

3. *Reasonableness*

Outrigger also argues that the exercise of jurisdiction over it is unreasonable since it will not promote fair play and substantial justice. To prevail on this argument, Outrigger must present a compelling case that other considerations render exercise of jurisdiction unreasonable. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477, 105 S.Ct. 2174, 85 L.Ed.2d 528

(1985); *accord Sinatra v. Nat'l Enquirer, Inc.*, 854 F.2d 1191, 1198 (9th Cir.1988) (holding that defendant bears the burden of demonstrating that the exercise of jurisdiction is unreasonable). Seven factors must be balanced in determining whether the exercise of jurisdiction is reasonable: "(1) the extent of the defendant's purposeful interjection into the forum state's affairs; (2) the burden on the defendant; (3) conflicts of law between the forum and defendant's home jurisdiction; (4) the forum's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the dispute; (6) the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum." *Roth v. Garcia Marquez*, 942 F.2d 617, 623 (9th Cir.1991).

a. *Purposeful Interjection*

Outrigger's contacts with California are significant enough to cause the "purposeful injection" factor to weigh in favor of the exercise of personal jurisdiction. *Core–Vent Corp v. Nobel Indus. AB*, 11 F.3d 1482, 1488 (9th Cir.1993).

b. *Defendant's Burden*

Outrigger argues that litigating in California presents a significant burden on it because it will have to arrange for travel to and from Hawaii to litigate this action in California. (Outrigger Mem. at 7.) But in this "era of fax machines and discount air travel, requiring [Outrigger] to litigate in [California] is not constitutionally unreasonable." *Panavision Int'l L.P. v. Toeppen*, 141 F.3d 1316, 1323 (9th Cir.1998), *cited in Pacific Fisheries Corp. v. Power Transmission Prods., Inc.*, No. CIV 00–

---

**2.** Plaintiff's reliance on *Farmers Ins. Exch. v. Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911, 913 (9th Cir.1990), is inapposite. Plaintiff's citation to Outrigger's current advertising campaign and business associations consid-

ered in light of Plaintiff having arranged to stay at Outrigger's hotel through a California travel agent raises a reasonable inference that Outrigger maintained contacts with California *before* Plaintiff's injuries.

00298, 2000 WL 1670917, at *9 (D.Haw. Oct.17, 2000) (holding that it is reasonable to compel an Oregon defendant with "few contacts" to litigate in Hawaii). Furthermore, Outrigger's litigation burden should be viewed in light of the corresponding burden on Plaintiff. *Brand v. Menlove Dodge,* 796 F.2d 1070, 1075 (9th Cir.1986). In light of Plaintiff's assertion that litigating in Hawaii would impose an undue burden on Plaintiff because of California residents who are likely to testify at trial on her behalf, this factor does not weigh in favor of either party.

c. *Conflict of Laws*

■ Since it has not been shown that Plaintiff's tort claim involves novel or complex questions of Hawaiian law, this factor does not favor Outrigger.

d. *Forum's State Interest*

■ Plaintiff is a resident of California and California has a "strong interest in providing a means of redress for its residents...." *Sinatra,* 854 F.2d at 1200. However, California's interest is mitigated because the injury occurred in Hawaii. Therefore, this factor has not been shown to favor either party.

e. *Efficient Judicial Resolution*

■ This factor focuses on the location of the witnesses and the evidence. *Ziegler v. Indian River County,* 64 F.3d 470, 475–476 (9th Cir.1995). Outrigger declares that it identified seven witnesses to the incident who were last known to reside in Hawaii. (Maunakea Decl. ¶ 3.b.) However, Outrigger does not indicate the import of these witnesses on the issues involved in the instant case. In its reply brief, Outrigger indicates that an investigation of the site will be necessary to determine lighting, floor texture, width of the elevator, speed of the elevator doors, and the elevator's assembly. (Outrigger Reply Mem. at 3.) However, these matters do not appear relevant as Plaintiff alleges that she received personal injury when the elevator suddenly dropped one foot. (Compl.¶ 17.) Plaintiff also counters that there are several percipient and expert witnesses in California who will testify. (Hope Decl. ¶ 2.) Outrigger has not shown that this factor favors its position.

f. *Convenient and Effective Relief*

■ Outrigger contends that it is more convenient to litigate in Hawaii than in California. Plaintiff disagrees, arguing that litigating in California is preferable to litigating in Hawaii because she is domiciled in California. This factor has not been shown to favor either party.

g. *Availability of Alternative Forum*

■ It is unclear whether Hawaii is an alternative forum for litigating this action. Although Outrigger makes a conclusory allegation that Otis Elevator Company ("Otis") is subject to personal jurisdiction in Hawaii, Plaintiff expresses doubt about the truthfulness of this assertion. This factor has not been shown to favor either party.

On balance, Outrigger does not "present a compelling case" that the exercise of personal jurisdiction over it in this District is unreasonable. *Roth,* 942 F.2d at 625 (citing *Burger King,* 471 U.S. at 476, 105 S.Ct. 2174). Therefore, Plaintiff's prima facie showing of personal jurisdiction is sufficient to withstand Outrigger's dismissal motion at this time. *See Rano v. Sipa Press, Inc.,* 987 F.2d 580, 587 n. 3 (9th Cir.1993) (noting that plaintiffs ultimately bear the burden of establishing the propriety of personal jurisdiction by a preponderance of the evidence at trial).

*SERVICE OF PROCESS*

In its opening brief, Outrigger "contest[s] the sufficiency of the service of

process upon [it] by plaintiff in this action." (Outrigger Mem. at 9.) Outrigger declares that at the time it noticed this motion, "no documents available for viewing via the Court's PACER Program indicate[d] that plaintiff had properly served [Outrigger] with plaintiff's complaint and summons." (Outrigger Mem. at 9); (Keats Decl. ¶ 5); *see* Local Rule 4–210(b) (stating that "proof of service shall be filed and served an all parties who have been served . . . as soon as possible after service has been completed, and, in any event, before any action based upon the service is requested or taken by this Court or is taken by a party in reliance on proper service.").

Plaintiff filed the proofs of service one day after Outrigger filed the motion *sub judice.* The proofs of service indicate that Warren Fereirra, whose title is Security Chief, was served at 2030 Kuhio Avenue, Honolulu, Hawaii 96815, on February 25, 2005, at 1:30 p.m.; and that service was effected pursuant to the California Code of Civil Procedure.

In its reply brief, Outrigger argues that service of process is "defective" because (1) Fereirra is neither a corporate officer of Outrigger nor authorized to accept service for Outrigger, and (2) Outrigger does not maintain its "corporate offices" at 2030 Kuhio Avenue, Honolulu, Hawaii 96815. (Outrigger Reply Mem. at 4; Maunakea Decl. ¶ 3.d-f.)[3] Outrigger also argues that Plaintiff did not properly effect service because "no evidence shows that plaintiff's summons and complaint [were] thereafter mailed to the address where the documents were delivered." (Outrigger Reply Mem. at 4.)

■ Service of process upon a domestic corporation must be effected either (1) pursuant to the law of the state in which the district court is located, (2) pursuant to the law of the state in which service is effected, or (3) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment *or* by law to receive service of process. Fed.R.Civ.P. 4(h)(1). Plaintiff bears the burden of establishing the validity of service. *Hickory Travel Sys., Inc. v. TUI AG,* 213 F.R.D. 547, 551–552 (N.D.Cal.2003). "The filing of a proof of service creates a rebuttable presumption that the service was proper." *Floveyor Int'l, Ltd. v. Super. Ct.,* 59 Cal.App.4th 789, 795, 69 Cal.Rptr.2d 457 (1997).

California law allows service to be effected on a business organization of unknown form "by leaving a copy of the summons and complaint during usual office hours with the person who is apparently in charge of the office of that business organization, and by thereafter mailing a copy of the summons and complaint by first-class mail, postage prepaid, to the person to be served at the place where a copy of the summons and complaint was left. Service of a summons in this manner is deemed complete on the 10th day after the mailing." Cal.Civ.Proc.Code § 415.95(a).[4]

■ Outrigger also argues that Plaintiff's service is insufficient because Plaintiff failed to timely file a proof of service. But this argument does not justify dismissal because "[f]ailure to make proof of service does not affect the validity of service." Fed.R.Civ.P. 4(i); *accord O'Brien v. R.J. O'Brien & Assocs., Inc.,* 998 F.2d 1394, 1402 (7th Cir.1993).

---

**3.** Outrigger declares that its "corporate offices" are located at 2375 Kuhio Avenue, Honolulu, Hawaii 96815. (Maunakea Decl. ¶ 3.c.)

**4.** Plaintiff states in her Complaint that Outrigger's corporate form was unknown. (Compl.¶ 3.)

Therefore, Outrigger must rebut the presumption of valid service. *Floveyor Int'l,* 59 Cal.App.4th at 795, 69 Cal.Rptr.2d 457. Outrigger's argument against Plaintiff's proofs of service relies on drawing an inference in Outrigger's favor that Fereirra did not have apparent authority to receive service on Outrigger's behalf. While Outrigger avers Fereirra is not a corporate officer of Outrigger, Outrigger does not rebut Plaintiff's showing that Fereirra was "apparently in charge" of Outrigger's office on the date and time of service.

■ Outrigger also declares that its "corporate offices" are not located at 2030 Kuhio Avenue, Honolulu, Hawaii, where service was made. (Maunakea Decl. ¶ 3.d.) However, Outrigger does not declare that it does not have an office at 2030 Kuhio Avenue.[5]

■ Outrigger also argues that the service was defective because Plaintiff's proofs of service failed to state that she complied with the mailing requirement prescribed by Section 415.95(a) of the California Code of Civil Procedure. Neither Federal Rule of Civil Procedure 4(*l*) nor California Code of Civil Procedure Section 417.10(a) requires that the proof of service recite this requisite first-class mailing of the summons and complaint. For the stated reasons, Outrigger failed to rebut the presumption that service was valid.

### VENUE

■ Outrigger next argues that venue is improper in this District. Plaintiff has the burden of proving that venue is proper in the district in which the suit was initiated. *Airola v. King,* 505 F.Supp. 30, 31 (D.Ariz.1980). Venue is proper in this District if both Defendants "reside" in Califor-

nia, and at least one Defendant "resides" in this District. 28 U.S.C. § 1391(a)(1). For purposes of venue, a corporation is a resident of any judicial district in which it is subject to personal jurisdiction. 28 U.S.C. § 1391(c).

Since Plaintiff has established a prima facie case that Outrigger is subject to personal jurisdiction in California and this District, the remaining question is whether Defendant Otis Elevator Company ("Otis") is subject to personal jurisdiction in California. The uncontroverted allegations in the Complaint allege that Otis "does business in California and has significant economic contact with California." This allegation justifies exercise of personal jurisdiction over Otis in this District. Consequently, Otis is a resident of California for purposes of venue and venue is proper under 28 U.S.C. § 1391(a)(1).

### INCONVENIENT FORUM

■ Outrigger requests that venue be transferred to Hawaii pursuant to 28 U.S.C. § 1404(a). To prevail on this request, Outrigger must make "a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Decker,* 805 F.2d at 843. The convenience of witnesses is the most important factor in determining whether to transfer because of the inconvenience of the forum. *Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League,* 89 F.R.D. 497, 501 (C.D.Cal.1981). Outrigger must demonstrate through affidavits that it is more convenient for witnesses to attend trial in Hawaii. *Cochran v. NYP Holdings, Inc.,* 58 F.Supp.2d 1113, 1119 (C.D.Cal.1998) ("Rather than relying on 'vague general-

---

**5.** The legislative history of California Code of Civil Procedure Section 415.95 indicates that service under this section may be rendered at any branch of a defendant. *See* Senate Judiciary Committee, Committee Analysis of AB 418, at 5 (June 25, 2003) (adding Cal.Civ. Proc.Code § 415.95(b) to allay concerns of "large corporations" that Cal.Civ.Proc.Code § 415.95(a) allows process servers to leave documents with any employee of any branch).

izations' of inconvenience, the moving party must demonstrate, through affidavits or declarations containing admissible evidence, who the key witnesses will be and what their testimony will generally include.").

Outrigger has not met this burden. Therefore, Outrigger's motion to transfer for inconvenient forum is denied.

For the stated reasons, Outrigger's motion is denied.

IT IS SO ORDERED.

