Filed 11/6/15  Marriage of Gonzales CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FOURTH APPELLATE DISTRICT

### DIVISION THREE

| | |
|---|---|
| In re Marriage of SHERI E. and JOSEPH GONZALES.<br><br>SHERI E. DETTLOFF,<br><br>    Respondent,<br><br>      v.<br><br>JOSEPH GONZALES,<br><br>    Appellant. | G050670<br><br>(Super. Ct. No. D349423)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, David L. Belz, Judge.  Affirmed.

Law Office of Ronald B. Funk and Ronald B. Funk for Appellant.

Sheri E. Dettloff, in pro. per., for Respondent.

\*        \*        \*

Joseph Gonzales argues the trial court's order establishing the amount of child support arrearages, spousal support arrearages, and the amount he owed plus interest for attorney fees must be set aside because the court denied his request for a continuance based on his purportedly not having received a copy of his former wife's declaration concerning the alleged arrearages until the morning of the hearing. The proof of service was signed under oath, and stated the documentation was mailed to Gonzales weeks before the hearing. Gonzales's statement was not under oath. The court did not err in denying Gonzales a continuance.

I

BACKGROUND

According to the petition filed below, Sheri Dettloff (formerly, Sheri Gonzales) and Joseph Gonzales were married on February 14, 1987. They had two children under the age of five at the time Dettloff filed the petition for dissolution on April 28, 1993. The court dissolved the marriage on October 12, 1993. That same day, the court issued a wage and earnings assignment order to Gonzales's employer for child support, spousal support, and attorney fees.

In April 2014, Dettloff, acting in propria persona, filed a request for a court order determining spousal support arrearages, child support arrearages, and arrearages in paying Dettloff's attorney fees. The proof of service to the request for the order stated Gonzales was mailed a copy of the request for order and related documentation on April 19, 2014. Gonzales apparently received the notice because he attended the scheduled court hearing on May 23, 2014. The court directed Dettloff to reconcile the payment history filed in her 1994 order to show cause with the documentation she filed in support of the order regarding arrearages. The court continued the matter for her to do so. Although the court initially decided to continue the matter into June 2014, the court continued the hearing to July 11, 2014, at Gonzales's request.

2

Dettloff subsequently filed a declaration concerning the claimed arrearages. The proof of service stated service by mail was effected on June 18, 2014, two days before Dettloff filed her declaration with the court. At the hearing on July 11, 2014, Gonzales claimed he had not been served with the moving papers and requested a continuance. He said he just received the paperwork that morning and wanted to retain an attorney.

The court reviewed the proofs of service attached to Dettloff's motion and her declaration. Gonzales confirmed the address on the proofs of service was his. The court then denied the request to continue the hearing, granted Dettloff's motion, and found child support arrearages in the amount of $13,065 in principal and $28,802 in interest, spousal support arrearages in the amount of $7,007 in principal and $13,320.77 in interest, and that Gonzales owed Dettloff $4,766.66 in attorney fees.

Gonzales filed his notice of appeal on September 5, 2014. He contends he was denied due process when the court did not continue the July 11, 2014 hearing.

II

DISCUSSION

Due process requires notice and an opportunity to be heard. (*In re Melinda J.* (1991) 234 Cal.App.3d 1413, 1418.) Gonzales does not contend the figures arrived at by the trial court on the issue of arrearages and attorney fees were inaccurate. Rather, his sole contention on appeal is: the trial court should have granted him a continuance because he claimed he did not receive a copy of Dettloff's declaration setting forth the alleged arrearages and unpaid awarded attorney fees until the morning of the hearing, and he wanted to retain counsel.

A trial court's order denying a continuance is reviewed for an abuse of discretion. (*People v. Jenkins* (2000) 22 Cal.4th 900, 1037.) For a court to properly exercise its discretion, it must know and consider all material facts and apply the appropriate legal principles to the facts found. (*In re Cortez* (1971) 6 Cal.3d 78, 85-86.)

3

When the trial court has resolved disputed facts, we do not substitute our judgment for the express or implied factual findings by the trial court. (*People ex rel. Dept. of Corporations v. SpeeDee Oil Change Systems, Inc.* (1999) 20 Cal.4th 1135, 1143-1144.) An appellant bears the burden of establishing the trial court abused its discretion. (*People v. Beeler* (1995) 9 Cal.4th 953, 1003.) Gonzales has not carried that burden.

Dettloff filed a petition to dissolve her marriage to Gonzales in 1993. Dissolution of the marriage was ordered that same year as a result of Gonzales's default. In April 2014, Dettloff filed her motion to set the amount of arrearages. Gonzales was served by mail and appeared at the scheduled hearing, and apparently filed no opposition papers. That hearing was continued for Dettloff to file an amended declaration to more fully alert Gonzales of the amounts claimed to be owed. Dettloff filed the amended declaration and the proof of service states the documentation was mailed to Gonzales on June 18, 2014, to the same address to which the original moving papers had been mailed.

At the July 11, 2014 hearing, Gonzales said he read the court's tentative ruling and would like to retain an attorney. The court denied the request, stating it would not be fair to Dettloff to continue the hearing on that ground. Gonzales then claimed he did not "receive any paperwork." The court informed Gonzales the proof of service created a presumption the documentation was received. (*Floveyor Internat., Ltd. v. Superior Court* (1997) 59 Cal.App.4th 789, 795 [valid proof of service creates rebuttable presumption service was made]; see Code of Civ. Proc., § 1013a, subd. (3) [contents of proof of service]; Evid. Code, § 641[presumption letter addressed and mail was received].) The court also informed Gonzales that his simple denial would not "suffice to overcome a proof of service," and that "[u]nless you have other information that you can provide me, I can't take that statement and just make a determination or finding that you were never given notice." Gonzales contends his statement rebutted the presumption. He is mistaken.

4

"The effect of a presumption affecting the burden of producing evidence is to require the trier of fact to assume the existence of the presumed fact unless and until *evidence* is introduced which would support a finding of its nonexistence, in which case the trier of fact shall determine the existence or nonexistence of the presumed fact from the evidence and without regard to the presumption. Nothing in this section shall be construed to prevent the drawing of any inference that may be appropriate." (Evid. Code, § 604, italics added.) We presume the court understood and properly applied the applicable law. (Evid. Code, § 664; *People v. Lang* (1989) 49 Cal.3d 991, 1044.)

Contrary to Gonzales's assertion, his unsworn statement was not evidence. The trial court was not required to accept Gonzales's representation as fact. The presumption of proper service was not rebutted by Gonzales's unsworn representation. The court informed Gonzales of that fact and asked him if there was anything else to establish he had not been served. As Gonzales did not introduce any evidence on the issue of service, the presumption of service still applied. Consequently, the court did not err in denying Gonzales a continuance based on the purported failure to receive notice.

Taking a different tack, Gonzales argues that even if he had received the documentation, but had not reviewed it in a timely fashion, the court should still have granted him a continuance because it had previously granted Dettloff a continuance to file an amended declaration concerning the alleged arrearages. Dettloff filed a declaration with her original motion, but that declaration was found to be unclear. Still, the court's act of granting her a continuance to file a new declaration tends to indicate the court was of the opinion an adequate declaration was possible, if not likely. There is no requirement that a continuance must be granted one party if an earlier continuance had been granted the other party.[1] Were it otherwise, the rule that continuances are left to the

---

[1] We note that at the May 23, 2014 hearing on Dettloff's motion, the court intended to reschedule the hearing to a date in June 2014, but set the matter for July 11, 2014, at Gonzales's request.

5

discretion of the court would have to be modified to "the court has discretion to grant a continuance, but if the court has granted a continuance to one party, it must subsequently grant a continuance to the other party at his or her request." That, however, is not the rule and Gonzales cites no authority for his contention.

III

DISPOSITION

The order of the superior court is affirmed. Dettloff shall recover her costs on appeal.


MOORE, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


THOMPSON, J.

6