Filed 10/12/22  Romero v. Gonzales CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FIFTH APPELLATE DISTRICT**

| | |
|---|---|
| FRANCISCO GARCIA ROMERO,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>VALDRIE GONZALES,<br><br>Defendant and Appellant. | F083055<br><br>(Super. Ct. No. VCU285265)<br><br>**OPINION** |

**THE COURT**[*]

APPEAL from a judgment of the Superior Court of Tulare County.  Bret D. Hillman, Judge.

Valdrie Gonzales, in pro. per., for Defendant and Appellant.

Law Offices of Randolf Krbechek and Randolf Krbechek for Plaintff and Respondent.

-ooOoo-

---

[*]        Before Franson, Acting P. J., Peña, J. and Meehan, J.

Defendant Valdrie Gonzales (defendant or Gonzales) appeals from a default judgment.  As described below, Gonzales has failed to carry the appellant's burden of affirmatively demonstrating the trial court erred when it entered the default judgment awarding damages.

We therefore affirm the judgment.

## MEMORANDUM OPINION[1]

*Appellant's Burden of Demonstrating Reversible Error*

Appellate courts are required to follow the California Constitution.  Article VI, section 13 of the California Constitution states in relevant part:  "No judgment shall be set aside … in any cause, on the ground … of the improper admission or rejection of evidence, or for any error as to any matter of pleading, or for any error as to any matter of procedure, unless, after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice."  Case law refers to this provision as creating " 'the constitutional doctrine of reversible error.' " (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609 (*Jameson*).)

Several basic principles of appellate procedure have their foundation in the constitutional doctrine of reversible error.  For instance, appellate courts ordinarily are required to presume that a judgment of the trial court is correct.  (*Jameson*, *supra*, 5 Cal.5th at pp. 608–609; *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)  As a result of this presumption, appellants have the burden of affirmatively demonstrating that the trial court committed an error that justifies reversal of the judgment.  (*Jameson*, at p. 609.)

---

**1**     This matter is proper for disposition by a memorandum opinion in accordance with the California Standards of Judicial Administration, standard 8.1.  (See *People v. Garcia* (2002) 97 Cal.App.4th 847, 850–855 [use of memorandum opinions]; Cal. Const., art. VI, § 14 [appellate decisions "shall be in writing with reasons stated"].)

Because the burden of demonstrating reversible error is placed on the appellant, " '[t]he reviewing court is not required to make an independent, unassisted study of the record in search of error or grounds to support the judgment. It is entitled to the assistance of counsel [or the self-represented appellant]. Accordingly, every brief should contain a legal argument with citation of authorities on the points made. If none is furnished on a particular point, the court may treat it as waived, and pass it without consideration.' " (*Sprague v. Equifax, Inc*. (1985) 166 Cal.App.3d 1012, 1050.) Thus, an appellant's failure to articulate intelligible legal arguments in the opening brief may be deemed an *abandonment* of the appeal justifying dismissal. (*Berger v. Godden* (1985) 163 Cal.App.3d 1113, 1119.) Likewise, a failure to present arguments with adequate and comprehensible references to the record on appeal and citation to legal authority can result in *forfeiture* of any contention that could have been raised on appeal. (Cal. Rules of Court, rule 8.204(a)(1)(B) & (C); *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246.) In our view, the foregoing references to the concepts of waiver, abandonment, and forfeiture are simply less direct ways of stating that the appellant's briefing did not carry the burden of affirmatively demonstrating prejudicial error. (See *Jameson*, *supra*, 5 Cal.5th at p. 609.)

*The Default Judgment*

The register of action included in the clerk's transcript shows that (1) plaintiffs' complaint was filed on December 10, 2020; (2) proofs of service were filed in February 2021; (3) plaintiffs' request for default was filed in April 2021; and (4) a request for court's judgment and a supporting declaration were filed on June 11, 2021. None of these documents were included in the clerk's transcript.

On June 17, 2021, the trial court entered a judgment by default in favor of plaintiffs Francisco Garcia Romero and Maria Magdalena Miramontes Preciado and against defendants Valdrie Gonzales and Aaron Castro. The court used optional Judicial Council form JUD-100 and marked boxes indicating the court had considered plaintiffs'

3.

written declaration before entering the default judgment. The judgment directed defendants to pay damages in the amount of $10,800 and costs of $539.25. The judgment also prohibited defendants from (1) maintaining locked gates across an easement providing plaintiffs access to real property located at the intersection of Avenue 168 and Road 164 in Tulare County or (2) otherwise interfering with plaintiffs' use of the easement.

*The Appeal*

On July 8, 2021, Gonzales, representing herself, filed a notice of appeal. A year later, Gonzales filed an appellant's opening brief. In August 2022, plaintiffs filed a respondent's brief asserting that Gonzales failed to (1) designate an adequate record on appeal, (2) identify any reversible error, and (3) cite any legal authority in support of the request for reversal. Gonzales did not file a reply brief.

*Gonzales's Argument*

Gonzales contends that she was given implied consent to leave the entrance locked and, therefore, she did not do anything wrongful that justified an award of damages. Without citation to the appellate record, Gonzales states that (1) the complaint alleged the locked entrance caused plaintiffs money damages due to loss of access, (2) the court did not find any wrong doing by defendants, and (3) the court "merely honored the complaint for defendants non appearance." Gonzales argues the judgment "is based on failure to self represent and or obtain representation" and "the allegations of evidence were not properly notified, identified [¶] [i]n a timely manner." Gonzales also contends the plaintiffs failed to meet their burden of proving Gonzales's actions were wrongful or unlawful. Based on these arguments, Gonzales asks this court to reverse the trial court's decision and vacate the award of damages.

*Analysis*

First, we consider Gonzales's argument that plaintiffs failed to carry their burden of proof. Applying the principles of law that govern the legal effect of a default, we

4.

conclude this argument does not identify any error by the trial court. Under California law, a judgment by default is treated as conceding the material facts alleged by the plaintiff. In other words, a defendant's failure to answer the complaint has the same effect as an express admission of the matters well pleaded in the complaint. (*Kim v. Westmoore Partners, Inc.* (2011) 201 Cal.App.4th 267, 281.) Under these principles, plaintiffs were not required to present evidence proving Gonzales's actions were wrongful because Gonzales failed to file an answer to the complaint. Consequently, Gonzales's argument about the failure of proof does not establish the trial court erred.

Second, we consider Gonzales's argument about the absence of proper or timely notification. To the extent that Gonzales is claiming that service of the complaint was not proper, we must reject that argument because the proofs of service were not included in the clerk's transcript. "The filing of a proof of service creates a rebuttable presumption that the service was proper. However, the presumption arises only if the proof of service complies with the applicable statutory requirements." (*Floveyor Internat., Ltd. v. Superior Court* (1997) 59 Cal.App.4th 789, 795; see Evid. Code, § 647 [return of a registered process server creates presumption affecting burden of producing evidence].) Without a copy of the proofs of service, we are unable to determine if those documents complied with the applicable statutory requirements. Consequently, Gonzales has failed to present an adequate record to analyze whether service was proper and that claim of trial court error must be rejected.

To the extent that Gonzales is claiming that service of the complaint was not timely, we note that the register of actions shows the complaint was filed in December 2020 and the proofs of service were filed in February 2021. If service is not completed within three years, dismissal of the lawsuit is mandatory. (Code Civ. Proc., §§ 583.210, 583.250.) If service is not completed within two years, the trial court has the discretion to dismiss the lawsuit. (Code Civ. Proc., §§ 583.410, 583.420, subd. (a)(1).) Here, the register of actions shows the proofs of service were filed less than three months

after the complaint was filed.  Thus, the statutory deadlines were met.  Therefore, Gonzales has not demonstrated the service of process was untimely.

Third, Gonzales appears to contend that the default judgment was entered merely because defendants did not obtain representation and failed to represent themselves.  This contention does not identify a trial court error because a default *must* be entered against a defendant who does not serve and file a responsive pleading.  (See Code Civ. Proc., § 585 [judgment on default]; Cal. Rules of Court, rule 3.110(g), (h).)  The register of actions does not show defendants filed a responsive pleading before the request for default was filed in April 2021.  Therefore, based on the record presented, we must conclude that the default was properly entered against defendants on the ground that they failed to file a responsive pleading.

In summary, based on the appellate record designated by Gonzales and the failure of Gonzales's opening brief to cite the record or any legal authority in support of the errors claimed, we conclude Gonzales has failed to affirmatively demonstrate the trial court erred when it entered the default judgment.

## DISPOSITION

The judgment is affirmed.  Respondents shall recover their costs on appeal.