[No. A075581. First Dist., Div. Four. Sept. 8, 1997.]

THE PEOPLE, Plaintiff and Respondent, v.
MENDOCINO COUNTY ASSESSOR'S PARCEL NO. 056-500-09,
Defendant;
RAFAEL PRIETO TARRADAS, Defendant and Appellant.

122

## COUNSEL

Serra, Lichter, Daar, Bustamante, Michael & Wilson and David M. Michael for Defendant and Appellant.

Susan Massini, District Attorney, and Kevin M. Maloney, Deputy District Attorney, for Plaintiff and Respondent.

**OPINION**

HANLON, J.—In this property forfeiture action, Rafael Prieto Tarradas (appellant) appeals from a default judgment forfeiting any interest he might have in certain real property and from an order denying his motion to set aside the default judgment. He contends that he was not properly served with process in this action and that the judgment is void for want of jurisdiction. We affirm.

FACTUAL BACKGROUND

On July 22, 1994, the People filed a complaint for forfeiture pursuant to Health and Safety Code section 11488.4, subdivision (a) alleging that the real property described as "Mendocino County Assessor's Parcel Number[] 056-900-09" was proceeds of or purchased with proceeds from violations of Penal Code section 182 (conspiracy to possess marijuana for sale) and Health and Safety Code section 11358 (cultivation of marijuana). The complaint incorporated a grant deed of the property showing title owned by appellant and alleged that in 1988 Jorge M. Vallecillo took over making payments on the property for appellant. The grant deed contained the correct assessor's property number of 056-500-09 while the complaint's caption and an allegation in the complaint contained a typographical error in the parcel number. The complaint also alleged that during the execution of a search warrant on the property, officers found 1,130 marijuana plants on the property, and indicia of ownership linking Vallecillo to the property. Officers seized scales, packaging material, $7,551 in cash, and ledgers showing multiple-pound marijuana sales in amounts including $30,000, $112,800, $11,475, and $10,400. The complaint also alleged that the proceeds from this commercial operation were being used to pay for the property. Further, the complaint alleged that during execution of the search warrant, Vallecillo arrived on the scene but fled upon seeing the officers.[1]

On July 26, 1994, the People recorded a notice of pending action to forfeit real property. They sought to serve the document on appellant by mailing it, together with instructions on how to file a claim, to his last known address in Laytonville. The documents were returned unclaimed on August 15, 1994. The People thereafter filed a request to serve appellant by publication, alleging that they had been unable to locate appellant and had exhausted all

---

[1]An arrest warrant issued on April 21, 1994 for Vallecillo's arrest for violations of Health and Safety Code sections 11358 (cultivation of marijuana) and 11359 (possession for sale of marijuana).

leads as to his possible whereabouts. The trial court granted the request. The People thereafter published notice of the intended forfeiture in the Mendocino County Observer for four consecutive weeks beginning August 26 and ending September 16, 1994. The notice was addressed to appellant and Vallecillo and contained the correct assessor's parcel number for the property.

On September 28, 1994, the People filed a first amended complaint to correct the typographical errors in the assessor's parcel number. The People further served this complaint on appellant by mailing it to his last known address. The complaint was returned unclaimed. In October 1994, a law firm forwarded a letter from appellant to the People. Appellant's letter gave an address in Spain at which he could be contacted. On November 14, 1994, the People sent the amended complaint to appellant by registered mail. The People received the return receipt indicating delivery of the document on November 23, 1994.

On May 30, 1995, appellant filed a special appearance to move to dismiss the action for lack of subject matter jurisdiction. The trial court denied the motion. On September 8, 1995, the People filed a request for entry of default which the court entered that day. The People thereafter filed a motion for judgment of forfeiture based upon that default. The trial court entered the default judgment declaring any interest in the real property at issue subject to forfeiture.

On January 2, 1996, appellant, again by special appearance, moved to set aside the default judgment on the ground that the default was void because appellant had not been properly served with process. Following a hearing, the trial court denied the motion.

## DISCUSSION

■ Relying upon *Kott* v. *Superior Court* (1996) 45 Cal.App.4th 1126 [53 Cal.Rptr.2d 215], appellant contends that he was not properly served with process because the People did not comply with the Hague Service Convention procedures for serving process in Spain. Appellant's reliance on *Kott*, however, is misplaced.

The Hague Service Convention is a multilateral treaty that provides procedures for the service of process to defendants living in foreign jurisdictions. (*Kott* v. *Superior Court, supra*, 45 Cal.App.4th at p. 1133.) It

applies " 'in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad. [¶] This Convention shall not apply where the address of the person to be served with the document is not known.' " (*Ibid.*) Hence, the Convention does not apply to situations in which the whereabouts of the defendant cannot be ascertained despite reasonable diligence. As the *Kott* court explained, "[t]he only method of service under California law which does not require the transmission of documents abroad, and consequently does not implicate the Hague Service Convention, is service of summons by publication where the party's address remains unknown during the publication period despite the exercise of reasonable diligence." (*Id.* at p. 1136.)

Here, the People sought to serve a notice of pending action to forfeit real property on appellant by sending it to his last known address. When the document was returned unclaimed, the People requested to serve appellant by publication because they had run out of leads as to his whereabouts.[2] The trial court granted the request and, during the publication period, appellant's whereabouts continued to remain unknown. The Hague Service Convention was therefore not implicated. (*Kott* v. *Superior Court*, *supra*, 45 Cal.App.4th at p. 1136.)

Appellant next contends that the People failed to comply with the procedural requirements of service of a summons by publication. This contention ignores the statute at issue in this proceeding. Health and Safety Code section 11488.4 provides for three types of notice of forfeiture proceedings. (See *Nasir* v. *Sacramento County Off. of the Dist. Atty.* (1992) 11 Cal.App.4th 976, 982 [15 Cal.Rptr.2d 694].) First, a person from whom property is seized and who is named in a receipt for the seized property is entitled to service of process of the petition of forfeiture. (Health & Saf. Code, § 11488.4, subd. (c).) Second, notice of the seizure or of an intended forfeiture proceeding along with instructions for filing a claim is "to be served by personal delivery or by registered mail upon any person who has an interest in the seized property or property subject to forfeiture other than persons designated in a receipt issued for the property seized." (*Id.*, § 11488.4, subd. (c).) Finally, notice of a forfeiture action must be published once a week for three consecutive weeks in a newspaper of general circulation in the county of seizure. (*Id.*, § 11488.4, subd. (e).) Under this statutory

---

[2]Appellant suggests that the People did not exercise reasonable diligence in ascertaining his whereabouts. Yet the record demonstrates that the People sent a notice to appellant's last known address, which was returned unclaimed, that he could not be located on the property, that he made no payments on the subject property since 1987 and that he was simply its "straw" owner. It was not until after the publication period was complete that the People received a letter purportedly from appellant asking that he be contacted in Spain.

scheme, appellant was entitled to notice under the second method of notice contemplated by Health and Safety Code section 11488.4. As a person with a potential interest in the property, he was entitled to notice of an intended forfeiture proceeding and instructions for filing a claim, precisely those documents which the People sought to serve on appellant. He was not entitled to a "summons" of the petition for forfeiture. While the Code of Civil Procedure applies to forfeiture proceedings under chapter 8 of the Health and Safety Code unless inconsistent with provisions in that chapter, Code of Civil Procedure sections 415.50 (service by publication of a summons) and 412.20 (defining summons), upon which appellant relies, do not apply, as the notice requirements for forfeiture proceedings are specifically set forth in section 11488.4. (See *Nasir* v. *Sacramento County Off. of the Dist. Atty.*, *supra*, 11 Cal.App.4th at p. 982.) The notice the People sought to serve upon appellant complied with section 11488.4, subd. (c). The People were not required to do more.

■ Appellant also contends that the People's failure to serve him with the first amended complaint rendered the default judgment void. The amended complaint corrected the typographical errors regarding the assessor's parcel number in the original complaint. This contention lacks merit.

Although "[a] defendant who is in default as to the original complaint is entitled to service of an amended pleading making a change of substance," an amended pleading which includes simply a change in form does not open a default and give a defendant a new right to answer. (See *Ford* v. *Superior Court* (1973) 34 Cal.App.3d 338, 342 [109 Cal.Rptr. 844] [amended complaint which stated a new cause of action constituted substantive change]; *Donian* v. *Danielian* (1928) 90 Cal.App. 675, 678 [266 P. 817] [amendment to change date not a matter of substance].) Here, the amended complaint merely corrected two typographical errors pertaining to the assessor's parcel number. The original complaint, however, did contain the correct parcel number in the grant deed that was incorporated as an exhibit to the complaint and therefore gave notice of the real property at issue. The amendment therefore did not constitute a change in substance.

■ Finally, appellant contends that the default judgment is void because the People failed to establish a prima facie case. Relying on Health and Safety Code section 11488.4, subdivision (i)(3), he argues that a judgment of forfeiture requires a conviction in an underlying or related criminal action. Subdivision (i)(3) of Health and Safety Code section 14488.4, however, applies to property "for which forfeiture is sought and as to which forfeiture is contested." (Health & Saf. Code, § 11488.4, subd. (i)(1)-(3).) As the

forfeiture proceeding here was not contested, the People were entitled to forfeiture upon the establishment of a prima facie case. (Health & Saf. Code, § 11488.5, subd. (b)(1).) Appellant does not contend that the allegations of the petition for forfeiture, which were supported by the declaration of special investigator Trent N. Taylor, were insufficient to support that prima facie case.

The judgment is affirmed.

Anderson, P. J., and Poché, J., concurred.