[No. B240914. Second Dist., Div. Eight. Nov. 6, 2012.]

LAURA LEBEL, Plaintiff and Appellant, v.
ERIC MAI, Defendant and Respondent.

**Counsel**

Mastroianni Law Firm and A. Douglas Mastroianni for Plaintiff and Appellant.

Chang & Cote and Dennis K. Lee for Defendant and Respondent.

**Opinion**

**GRIMES, J.**—The sole question on appeal is whether the trial court erred in granting defendant and respondent Eric Mai's motion to quash service of process. Plaintiff and appellant Laura Lebel contends the court erred in finding the substituted service on defendant's mother in California was inadequate to effectuate valid service on defendant, a resident of England. We conclude the trial court did not err in quashing service, and therefore affirm the order.

## BACKGROUND

We summarize only those facts pertinent to the narrow issue presented on appeal. In February 2010, plaintiff entered into a residential lease agreement with defendant for the rental of a condominium in Santa Monica, California. At some point during her tenancy, plaintiff became dissatisfied with the tenancy, moved out, and filed this action. In October 2011, plaintiff filed her

operative first amended complaint naming defendant in causes of action for constructive eviction and fraud.

Plaintiff thereafter tried to serve defendant at a residential address in Granada Hills, California. The address had been provided by defendant to plaintiff as the mailing address where she could remit her monthly rental payments. The proof of service attesting to service on defendant was executed by a registered process server. It declares that defendant was served as an individual defendant via substituted service at his "home" in Granada Hills, with the service documents being left with "co-occupant" Su-Su Mai. The declaration also states that substituted service was made on Ms. Mai after several efforts to personally serve defendant at the Granada Hills residence proved unsuccessful. The process server declared that Ms. Mai told him defendant did not reside at that address.

Defendant specially appeared in the action through the filing of a motion to quash service, arguing primarily that he was a resident of London, England, and therefore that service had to be effected in accordance with the Hague Convention regarding service of process on parties outside the United States.[1] Defendant submitted a declaration in which he stated he moved to England in October 2007, he continued to reside in London, England, and he did not maintain a residence in the United States. Defendant's mother, Su-Su Mai, also submitted a declaration, in which she stated that a process server came to her residence in Granada Hills on November 9, 2011, she told him defendant did not reside at her home, and she did not receive any additional documents except the copy of the amended summons and complaint the process server left on that date. Defendant's motion was also supported by copies of the service documents received by Ms. Mai, as well as a declaration from defendant's attorney, Dennis Lee, attesting to his correspondence with counsel for plaintiff, including a letter stating that defendant resided in England and that compliance with the Hague Convention was required.

Plaintiff opposed the motion, contending that substituted service had been properly effected on defendant's ostensible agent, his mother, Su-Su Mai, and that the service requirements of the Hague Convention did not apply because defendant's address in England was unknown to plaintiff. Plaintiff submitted a declaration in which she attested that she understood defendant "resid[ed] temporarily" in England, but that she was unaware of any physical or mailing address for him there. She also attached a true and correct copy of the lease

---

[1] We shall refer to the treaty as the "Hague Convention." The formal name of the multilateral treaty, to which both the United States and the United Kingdom are signatories, is the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, dated November 15, 1965. (Hague Convention, 20 U.S.T. 361, T.I.A.S. No. 6638.)

agreement stating that defendant left blank paragraph 36 regarding the address at which notices could be served on defendant. Plaintiff also attached and attested to a copy of a letter from defendant that stated her rent checks should be mailed to the Granada Hills address. The opposition was further supported by a declaration of plaintiff's counsel, Douglas Mastroianni, who attested to his written and e-mail correspondence with defendant and defense counsel.

The trial court granted defendant's motion to quash on April 24, 2012, explaining that plaintiff failed to meet her burden of showing that Ms. Mai was defendant's ostensible agent for service of process, or that there was substantial compliance with the rules governing substituted service. This appeal followed.

## DISCUSSION

Where, as here, an issue is resolved by way of declarations or affidavits, " 'the rule on appeal is that those affidavits favoring the contention of the prevailing party establish not only the facts stated therein but also all facts which reasonably may be inferred therefrom, and where there is a substantial conflict in the facts stated, a determination of the controverted facts by the trial court will not be disturbed.' [Citation.] But we 'independently review [the trial court's] statutory interpretations and legal conclusions [citations].' [Citation.]" (*American Express Centurion Bank v. Zara* (2011) 199 Cal.App.4th 383, 387 [131 Cal.Rptr.3d 99] (*American Express*).) And, when the evidence is not conflicting, the question of jurisdiction is one of law. (*Great-West Life Assurance Co. v. Guarantee Co. of North America* (1988) 205 Cal.App.3d 199, 204 [252 Cal.Rptr. 363]; see *CenterPoint Energy, Inc. v. Superior Court* (2007) 157 Cal.App.4th 1101, 1119 [69 Cal.Rptr.3d 202].) We conclude the record establishes valid service of process was not effected on defendant and the motion to quash was therefore properly granted.

It is undisputed plaintiff knew defendant was residing in England, temporarily or otherwise. As plaintiff admitted in her declaration, "[s]hortly after signing the [subject] lease" in February 2010, defendant provided her with a letter telling her that he lived in London. We quote pertinent parts of the letter, deleting personal e-mail addresses and telephone numbers to preserve privacy: "If you have any questions during your stay, I can be contacted via email at [e-mail address] or by dialling [*sic*] 011 44 [telephone number]. I reside in London at the moment, so due to the time difference, there may be a delay on my reply and I apologize in advance for that. [¶] I found my stay at Unit 107 to be almost completely trouble-free, but should there be any emergencies or maintenance needs, please email [e-mail address] and CC me, or you can also call (818) [telephone number]. [¶] . . . [¶] Rent is due on the

1st of each month. Please make checks payable to Eric Mai, and send them via mail to: 12708 Dorina Place, Granada Hills, CA 91344. If you want to set up a direct transfer each month, drop me an email at [e-mail address] and we should be able to get that arranged as well."

■ It was incumbent upon plaintiff, after the filing of defendant's motion to quash, to present evidence discharging her burden to establish the requisites of valid service on defendant. It is well settled that "[i]n the absence of a voluntary submission to the authority of the court, compliance with the statutes governing service of process is essential to establish that court's personal jurisdiction over a defendant. [Fn. omitted.] ([Code Civ. Proc.,] § 410.50.) When a defendant challenges that jurisdiction by bringing a motion to quash, *the burden is on the plaintiff to prove the existence of jurisdiction* by proving, inter alia, the facts requisite to an effective service." (*Dill v. Berquist Construction Co.* (1994) 24 Cal.App.4th 1426, 1439–1440 [29 Cal.Rptr.2d 746] (*Dill*), italics added; accord, *Coulston v. Cooper* (1966) 245 Cal.App.2d 866, 868 [54 Cal.Rptr. 302]; *Floveyor Internat., Ltd. v. Superior Court* (1997) 59 Cal.App.4th 789, 793 [69 Cal.Rptr.2d 457] (*Floveyor*); *American Express, supra,* 199 Cal.App.4th at p. 387.)

There was no evidence presented that defendant was other than a resident of England at the time service was attempted in the fall of 2011. Accordingly, plaintiff was required to show that service of process on defendant comported with the Hague Convention regarding service on an individual in a foreign country, or a proper basis for why the Hague Convention did not apply. (See generally *Volkswagenwerk Aktiengesellschaft v. Schlunk* (1988) 486 U.S. 694 [100 L.Ed.2d 722, 108 S.Ct. 2104] (*Schlunk*); see also Code Civ. Proc., § 413.10, subd. (c);[2] *Floveyor, supra,* 59 Cal.App.4th at p. 794; *Kott v. Superior Court* (1996) 45 Cal.App.4th 1126, 1133 [53 Cal.Rptr.2d 215] (*Kott*) [Hague Convention " 'preempts inconsistent methods of service prescribed by state law in all cases to which it applies.' "].)

■ Plaintiff concedes the Hague Convention was *not* followed, asserting that substituted service was nonetheless properly effectuated under California law and defendant had actual notice of the lawsuit. However, in all cases where the Hague Convention applies, "[f]ailure to comply with the [Hague] Convention renders the service void, even if the defendant has actual notice

---

[2] Code of Civil Procedure section 413.10 provides in relevant part that: "Except as otherwise provided by statute, a summons shall be served on a person: [¶] . . . [¶] (c) Outside the United States, as provided in this chapter or as directed by the court in which the action is pending, or, if the court before or after service finds that the service is reasonably calculated to give actual notice, as prescribed by the law of the place where the person is served or as directed by the foreign authority in response to a letter rogatory. These rules are subject to the provisions of the Convention on the 'Service Abroad of Judicial and Extrajudicial Documents' in Civil or Commercial Matters . . . ."

of the lawsuit." (*Floveyor, supra,* 59 Cal.App.4th at p. 794; accord, *Honda Motor Co. v. Superior Court* (1992) 10 Cal.App.4th 1043, 1048–1049 [12 Cal.Rptr.2d 861]; *Kott, supra,* 45 Cal.App.4th at p. 1136.)

Plaintiff argues the Hague Convention does not apply because plaintiff was ignorant of any address for defendant in England. Plaintiff relies on article 1 of the Hague Convention, which provides in relevant part that this ". . . Convention shall not apply where the address of the person to be served with the document is not known." (Hague Convention, *supra,* 20 U.S.T. 361.) Plaintiff contends there is no requirement to make even a minimal inquiry as to the address of a party residing abroad before resorting to domestic methods of service. Plaintiff argues, in effect, that if a foreign address is unknown, a party may simply disregard the Hague Convention and attempt service in any manner prescribed by state law. We disagree.

Article 1 does not contain any express language imposing a reasonable diligence requirement. However, treaties are to be read and interpreted in "the light of the conditions and circumstances existing at the time they were entered into, *with a view to effecting the objects and purposes of the States thereby contracting."* (*Rocca v. Thompson* (1912) 223 U.S. 317, 331–332 [56 L.Ed. 453, 32 S.Ct. 207], italics added.) " ' "Treaties are construed more liberally than private agreements, and to ascertain their meaning we may look beyond the written words to the history of the treaty, the negotiations, and the practical construction adopted by the parties." ' [Citation.]" (*Schlunk, supra,* 486 U.S. at p. 700.)

The Hague Convention "was intended to provide a simpler way to serve process abroad, to assure that defendants sued in foreign jurisdictions would receive actual and timely notice of suit, and to facilitate proof of service abroad." (*Schlunk, supra,* 486 U.S. at p. 698.) Given the purposes behind the enactment and ratification of the treaty, we conclude the only reasonable construction of the "address of the person to be served . . . is not known" clause in article 1 is that the Hague Convention "does not apply to situations in which the whereabouts of the defendant cannot be ascertained *despite reasonable diligence."* (*People v. Parcel No. 056-500-09* (1997) 58 Cal.App.4th 120, 125 [68 Cal.Rptr.2d 51], italics added.) This district has already so held in *Kott, supra,* 45 Cal.App.4th at pp. 1136–1137. (See *Opella v. Rullan* (S.D.Fla., June 29, 2011, No. 10-21134-CIV-JORDAN/MCALILEY) 2011 U.S.Dist. Lexis 69634 and *Progressive Southeastern Ins. Co. v. J & P Transport* (N.D.Ind., July 8, 2011, No. 1:11-cv-137) 2011 U.S.Dist. Lexis 73946, citing *Kott* with approval.)

Plaintiff argues *Kott* does not stand for the proposition that one must undertake some reasonable effort to ascertain a party's foreign address before

resorting to state law service because the discussion in *Kott* focused on the reasonable diligence requirement for state law service by publication. However, the court clearly indicated the reasonable diligence requirement applied to *both* the question of whether the Hague Convention applied under article 1, and whether service by publication was proper, stating: "Beachport contends the Hague Service Convention was not implicated in the case at bar because Kott's address was unknown. For the same reason Beachport argues service of summons by publication was also proper. [¶] *Whether either of these contentions has merit depends on whether Beachport exercised reasonable diligence in attempting to discover an address where Kott could be served.*" (*Kott, supra,* 45 Cal.App.4th at pp. 1136–1137, italics added.)

We agree. No other interpretation of article 1 of the Hague Convention is reasonable. To give credence to plaintiff's interpretation of article 1 would reward a party's willful ignorance of the whereabouts of the party to be served as a means of circumventing the service requirements of the Hague Convention, all but eviscerating application of the treaty. Such a construction could not have been the intent of the drafters or any signatory states.

■ No bright-line rule or singular test can be articulated identifying or quantifying what good faith efforts would amount to a proper showing of reasonable diligence. Such a determination necessarily would have to be made on a case-by-case basis—a factual inquiry appropriately left to resolution in the trial court. "[T]he showing of diligence in a given case must rest on its own facts and '[n]o single formula nor mode of search can be said to constitute due diligence in every case.'" (*Kott, supra,* 45 Cal.App.4th at p. 1138, quoting *Donel, Inc. v. Badalian* (1978) 87 Cal.App.3d 327, 333 [150 Cal.Rptr. 855].)

Here, there was no evidence plaintiff made *any* effort to inquire about defendant's residential, business, or other mailing address in England, despite admittedly having defendant's personal e-mail address and overseas telephone number. At oral argument, counsel for plaintiff conceded he did not inquire about defendant's address in England, and he had no information that plaintiff made any effort to inquire either. There is no evidence that plaintiff's attorney, in his correspondence with defense counsel and with defendant directly, ever asked for a service address in England. He only requested that local defense counsel accept service on defendant's behalf, and Attorney Lee replied he was not authorized to do so. Plaintiff did not show any legal or factual basis justifying service outside of the rules of the Hague Convention, or that defendant's address in England was not discoverable with reasonable diligence.

■ Plaintiff further argues the Hague Convention did not apply because proper service was effectuated on defendant's mother, Su-Su Mai, at her

Granada Hills residence, as defendant's ostensible domestic agent for service of process. The scope of the Hague Convention is broad and its application is mandatory in all circumstances " 'where there is occasion to transmit a judicial or extrajudicial document for service abroad.' [Citation.]" (*Schlunk, supra*, 486 U.S. at p. 699, quoting Hague Convention, art. 1, 20 U.S.T., at p. 362.)

However, in *Schlunk*, the United States Supreme Court held that *where the laws of the forum state* authorize a means of valid service on a domestic agent of a foreign party, the Hague Convention does *not* apply as there would be no "occasion to transmit" a document abroad within the meaning of article 1. (*Schlunk, supra*, 486 U.S. at pp. 705–707.) At issue in *Schlunk* was an Illinois state statute that allowed service on a foreign corporation through a domestic subsidiary. The Supreme Court determined that proper service on the domestic subsidiary, as an involuntary agent for service of process, did not require "transmittal of documents" abroad and therefore the Hague Convention did not apply. (486 U.S. at pp. 705–707.)

■ Similarly, California recognizes that service on an agent may be valid. (Code Civ. Proc., § 416.90;[3] see *Summers v. McClanahan* (2006) 140 Cal.App.4th 403 [44 Cal.Rptr.3d 338] (*Summers*).) Plaintiff argues that defendant told her to mail her rent checks to the Granada Hills address (Su-Su Mai's residence), identified Ms. Mai as someone who could be contacted for "emergencies and maintenance needs" arising under the lease, and failed to provide plaintiff with any alternative street or mailing address to serve notices directly on defendant. Plaintiff also argues that defendant did not provide any evidence in his motion to refute his mother's status as agent, stating only that he was a resident of England. Plaintiff contends therefore that Ms. Mai was properly deemed defendant's ostensible agent, service under state law was proper, and defendant was required to present evidence defeating such a finding. We reject plaintiff's argument.

■ As explained above, plaintiff bore the burden of showing facts requisite to a valid service. (*Dill, supra*, 24 Cal.App.4th at pp. 1439–1440; *Summers, supra*, 140 Cal.App.4th at p. 413.) The record establishes that plaintiff did not discharge her burden. The filing of a proof of service declaration ordinarily creates a rebuttable presumption that the service was proper, but only if the service declaration "complies with the statutory requirements regarding such proofs." (*Dill*, at pp. 1441–1442.)

■ Plaintiff's service declaration did not give rise to a presumption that Ms. Mai was duly served as defendant's ostensible agent for service of

---

[3] Code of Civil Procedure section 416.90 provides: "A summons may be served on a person not otherwise specified in this article by delivering a copy of the summons and of the complaint to such person or to a person authorized by him to receive service of process."

process. The declaration by the process server stated that Ms. Mai was served, *not* as defendant's agent, but as the co-occupant authorized to receive substituted service for defendant at defendant's residence. However, even as to the question of substituted residential service, the declaration is defective because the process server admits he was advised by Ms. Mai that defendant did not reside at that address. Substituted service is valid only if a good faith, reasonable effort at personal service on the party to be served is first attempted. (Code Civ. Proc., § 415.20, subd. (b); *American Express, supra,* 199 Cal.App.4th at p. 389.) Nothing in the record supports a determination that the Granada Hills residence was defendant's residence or that it was reasonable to attempt personal service of him there, with knowledge that he resided abroad.

Plaintiff also failed to present sufficient evidence establishing that Su-Su Mai was properly deemed to be defendant's ostensible agent. Plaintiff submitted evidence she knew defendant resided abroad, had e-mail and telephone contact numbers for him but did not request any mailing address, and that service was attempted at the Granada Hills address simply because defendant had stated her rent checks could be mailed there. The letter from defendant clearly indicated he was the main contact person, and that his mother's contact information was provided as a convenience for plaintiff. At best, plaintiff presented some evidence that Ms. Mai was arguably a limited purpose agent for defendant for the collection of rent and as an alternate contact person for maintenance issues at the rental unit, but no evidence Ms. Mai was expressly or impliedly authorized to accept service of process on defendant's behalf. There was insufficient evidence defendant took any intentional or negligent acts that would lead plaintiff to reasonably believe his mother could be served as his agent for service of process. (Civ. Code, § 2317; see Judicial Council of Cal., com., reprinted at 14B West's Ann. Code Civ. Proc. (2004 ed.) foll. § 416.90, p. 154 ["If process is delivered to an agent of defendant, such agent must be one who is authorized by law or by appointment to receive service of process, and the agent of an individual for other purposes is not necessarily authorized to receive such process."].)

 The trial court correctly concluded plaintiff failed to present sufficient evidence warranting a finding that Ms. Mai was defendant's agent for service of process. (See *Summers, supra,* 140 Cal.App.4th at pp. 414–415 [service at the business office of a defendant's personal manager was not valid service of an agent for service of process with no further evidence manager was expressly or impliedly authorized to accept service, despite transmittal of documents to defendant's attorney resulting in actual notice to defendant].) Substantial evidence supports the trial court's finding in that regard.

Plaintiff's own evidence and service declaration showed the Hague Convention applied, but was wholly disregarded. Plaintiff failed to make a colorable showing that the service of documents on defendant's mother in California constituted proper service on defendant, a resident of England. Plaintiff places too much reliance on the requirement to construe service statutes liberally. While that is generally the rule, there must be at least substantial compliance with the relevant statutory requisites for service, which plaintiff failed to establish here. And, "no California appellate court has gone so far as to uphold a service of process solely on the ground the defendant received actual notice when there has been a complete failure to comply with the statutory requirements for service." (*Summers, supra*, 140 Cal.App.4th at p. 414; accord, *American Express, supra*, 199 Cal.App.4th at pp. 391–392 [actual notice to the defendant insufficient to uphold court's jurisdiction where there is no showing of "colorable compliance" with the requisite service requirements].)

## DISPOSITION

The April 24, 2012 order granting Eric Mai's motion to quash service of process is affirmed. Eric Mai shall recover his costs on appeal.

Rubin, Acting P. J., and Flier, J., concurred.