Filed 8/27/15  Pan v. Huang CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| PING PAN, | |
| Plaintiff and Respondent, | E061462 |
| v. | (Super.Ct.No. CIVRS1201048) |
| KERRY HUANG, | O P I N I O N |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Joseph R. Brisco, Judge.  Reversed.

Law Office of John A. Tkach and John A. Tkach for Defendant and Appellant.

Cummins & White, James R. Wakefield, and Charles P. Murawski for Plaintiff and Respondent.

## I.  INTRODUCTION

Defendant and appellant, Kerry Huang, appeals an amended judgment in favor of plaintiff and respondent, Ping Pan, adding defendant as a judgment debtor in plaintiff's

1

action for unjust enrichment. Defendant contends the trial court erred in denying his motion to quash service because there was no substantial evidence to support the ruling. He further contends the trial court erred in granting plaintiff's motion to amend the judgment previously entered against AC International Corp. (ACI) to add him as a judgment debtor under Code of Civil Procedure section 187[1] because (1) the trial court had no jurisdiction to continue the hearing on plaintiff's motion to amend and require him to file his opposition on the same day service was complete and (2) the trial court lacked jurisdiction under a 10-day "safe harbor" period after the denial of the motion to quash.

Plaintiff argues that defendant never filed his motion to quash, and the safe harbor period therefore did not apply.

We conclude the trial court erred in issuing an order to defendant before jurisdiction was acquired over him and in entering judgment against defendant before the time to file a responsive pleading had elapsed.

## II. FACTS AND PROCEDURAL BACKGROUND

On March 25, 2014,[2] plaintiff obtained a judgment in the amount of $822,080.50 in his unjust enrichment action against ACI. On April 23, plaintiff obtained an order shortening time to hear his motion to amend that judgment under section 187 to include

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

[2] All relevant events took place in 2014.

defendant as the alter ego of ACI and as a judgment debtor. The motion was set for a hearing on May 5.

After unsuccessfully attempting service at defendant's home on April 25 and during the morning of April 28, plaintiff's process server served the motion during the evening of April 28 at defendant's home on a Jane Doe, later identified as defendant's mother-in-law. On April 29, the papers were served by mail on defendant. On April 30, defendant filed an opposition to the motion based on the position that service of the motion was defective. The objection included as an exhibit a motion to quash service on the same ground.

On May 5, the trial court held a hearing on plaintiff's motion to amend the judgment. Counsel for defendant specially appeared to contest jurisdiction. The trial court ruled: "Service of the motion on defendant to be effectuated on 5/9/14. Motion is continued. Any opposition to be filed by 5/9/14. No reply allowed."

On May 9, defendant filed additional points and authorities in support of his motion to quash. Defendant attached his declaration in which he stated that his mother-in-law was the "Jane Doe" described by the process server. His mother-in-law was visiting him from China, was not a member of his household, did not speak or understand English, and was not authorized to accept service on his behalf. Defendant also attached the declaration of Li Ma, his mother-in-law, in which she stated that on April 28 she "had papers thrown toward me by someone I had never seen before. A strange man threw the papers and I did not understand what he said nor did he speak to me in Chinese

3

Mandarin.  I did not understand who the papers were for or what they were for.  I threw all the papers into the trash bin right away since there are some people who drop all kinds of papers to the front yard all the time."  She further declared that she was a resident of China and was not a resident of defendant's household, but was only a visitor, and she did not speak or understand English.

At the hearing on May 14, the parties argued the merits of defendant's motion to quash.  The trial court granted plaintiff's motion to amend the judgment and denied the motion to quash.  On May 21, defendant filed an objection to the proposed judgment on the ground the trial court lacked authority to enter a default judgment or judgment against him until the time to file a writ of mandate or responsive pleading under section 418.10 had elapsed.

On May 23, the trial court entered an amended judgment adding defendant as a judgment debtor based on the finding that he was the alter ego of ACI.  The same day, defendant filed a petition for writ of mandate in this court (case No. E061203); this court denied the petition on June 3.

### III.  DISCUSSION

A. *Request for Judicial Notice*

Defendant has requested this court to take judicial notice of the petition for writ of mandate he filed in this court on May 23 in case no. E061203 and of this court's docket for that case.  Defendant contends that those documents "are relevant in order to demonstrate [he] made a timely application for Writ Relief" after the trial court denied

4

his motion to quash. We reserved ruling on the request for consideration with the merits of the appeal. The request is granted. (Evid. Code, §§ 452, subd. (d), 459.)

B. *Denial of Motion to Quash*

Defendant contends the trial court erred in denying his motion to quash service because no substantial evidence supported a finding that Li Ma, the Jane Doe described by the process server, was a co-occupant of his home.

When a defendant brings a motion to quash service, the plaintiff has the burden to establish the facts requisite to an effective service by a preponderance of the evidence. (*Lebel v. Mai* (2012) 210 Cal.App.4th 1154, 1160; *Roy v. Superior Court* (2005) 127 Cal.App.4th 337, 343 [Fourth Dist., Div. Two].) We construe the service of process statutes liberally "to effectuate service and uphold jurisdiction if actual notice has been received by the defendant." (*Bein v. Brechtel-Jochim Group, Inc.* (1992) 6 Cal.App.4th 1387, 1392.) For purposes of substituted service, "'[s]ervice must be made upon a person whose 'relationship with the person to be served make it more likely than not that they will deliver process to the named party.' [Citation.]" (*Id.* at p. 1393 [holding that a gate guard who was authorized to control access to a residential community "must be considered a competent member of the household" for purposes of substituted service on a resident in the community].)

Defendant acknowledges the lack of authority addressing whether a visitor may be considered a "competent member of a household" for purposes of service of process. Defendant notes, however, that in the context of insurance coverage, "a resident of the

5

same household is one, other than a temporary or transient visitor, who lives together with others in the same house for a period of some duration, although he may not intend to remain there permanently." (*Hardware Mutual Casualty Co. v. Home Indemnity Co.* (1966) 241 Cal.App.2d 303, 311.)

Here, the evidence showed that a copy of plaintiff's motion was left with Li Ma at defendant's residence. Li Ma was defendant's mother-in-law. Although Li Ma stated she was merely a visitor at defendant's residence, the trial judge could reasonably infer from her declaration that she had been present at the residence for an extended period: she stated that she threw the papers in the trash because "there are some people who drop all kinds of papers to the front yard *all the time*." (Italics added.) It was undisputed that defendant had actual knowledge of plaintiff's motion.

We conclude the trial court did not err in finding that defendant was properly served. Such service was complete on May 9, 10 days after the mailing of the motion. (§ 415.20, subd. (b).)

C. *Safe Harbor Period After Denial of Motion to Quash*

Defendant contends the trial court lacked jurisdiction under the "safe harbor" period for him to file a responsive pleading or petition for writ of mandate after the denial of the motion to quash.

1. Section 418.10

Section 418.10, subdivision (a)(1) allows a defendant to file a motion to quash service on or before the last day of his time to plead. If the trial court denies that motion

6

to quash service, "the defendant, within 10 days after service upon him or her of a written notice of entry of an order of the court denying his or her motion, or within any further time not exceeding 20 days that the trial court may for good cause allow, and before pleading, may petition an appropriate reviewing court for a writ of mandate to require the trial court to enter its order quashing the service of summons or staying or dismissing the action. The defendant shall file or enter his or her responsive pleading in the trial court within the time prescribed by subdivision (b) unless, on or before the last day of the defendant's time to plead, he or she serves upon the adverse party and files with the trial court a notice that he or she has petitioned for a writ of mandate. The service and filing of the notice shall extend the defendant's time to plead until 10 days after service upon him or her of a written notice of the final judgment in the mandate proceeding. The time to plead may for good cause shown be extended by the trial court for an additional period not exceeding 20 days." (§ 418.10, subd. (c).)

Section 418.10, subdivision (d) provides: "No default may be entered against the defendant before expiration of his or her time to plead, and no motion under this section . . . shall be deemed a general appearance by the defendant."

2. <u>Plaintiff Has Waived Any Procedural Defects in the Motion</u>

Plaintiff counters that defendant never filed his motion to quash, and the safe harbor period of section 418.10, subdivision (d) therefore did not apply.

"'It is well settled that the appearance of a party at the hearing of a motion and his or her opposition to the motion on its merits is a waiver of any defects or irregularities in

7

the notice of motion. [Citations.] This rule applies even when no notice was given at all. [Citations.] Accordingly, a party who appears and contests a motion in the court below cannot object on appeal . . . that he had no notice of the motion or that the notice was insufficient or defective.'" (*Carlton v. Quint* (2000) 77 Cal.App.4th 690, 697.)

As recounted above, on April 30, defendant filed an objection to plaintiff's motion to amend the judgment and included, as an exhibit, a motion to quash service. Plaintiff filed an "opposition to objection and motion to quash service of motion to amend." At the hearing on May 14, the discussion centered on the adequacy of service. The trial court specifically ruled on the motion to quash. By contesting the motion in the trial court, plaintiff waived any procedural defects in the motion to quash. (*Carlton v. Quint*, *supra*, 77 Cal.App.4th at p. 697.)

3. Trial Court's Jurisdiction

(a) *Jurisdiction to Order Response to Motion*

Plaintiff argues that the trial court acted properly in setting the hearing on plaintiff's motion to shorten time and to require defendant to file an opposition on substantive grounds on the same date. However, as noted above, service of plaintiff's motion was not complete until May 9; thus, the trial court did not acquire jurisdiction over defendant until that date. We agree with defendant that at the time of the hearing on May 5, the trial court had no jurisdiction to order defendant to file any opposition to plaintiff's motion on or before May 9.

8

(b) *Jurisdiction to Amend Underlying Judgment*

Plaintiff argues that the trial court had power under section 128, subdivision (a)(8) to "amend and control its process and orders so as to make them conform to law and justice." However that section means that the trial court has the power to "use all necessary means to carry its jurisdiction into effect" (*Fairfield v. Superior Court* (1966) 246 Cal.App.2d 113, 120), not the power to expand its jurisdiction (see *Oil Workers Intl. Union v. Superior Court* (1951) 103 Cal.App.2d 512, 568-569 [stating that when the court has acquired jurisdiction over a party, it has power to issue orders under § 128]).

Moreover, after denying defendant's motion to quash service on May 9, defendant was statutorily entitled to a "safe harbor" period to file a petition for writ of mandate or a response to plaintiff's motion. (§ 418.10.)[3]

We conclude the amended judgment must be vacated.

## IV. DISPOSITION

The judgment is reversed. Costs are awarded to appellant.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

KING _____

J.

We concur:

McKINSTER _____

Acting P. J.

---

[3] We note that plaintiff has not argued the merits of that issue, but has merely argued that defendant's motion to quash service was procedurally defective.

9

<u>MILLER</u>                 , J.