NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 11 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANQIN WANG, | No. 22-56141 |
| Plaintiff-Appellee, | D.C. No. 2:17-cv-08936-MWF-RAO |
| v. | |
| FANG ZENG, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Submitted December 7, 2023**
Pasadena, California

Before: WARDLAW, LEE, and BUMATAY, Circuit Judges.

Fang Zeng appeals the district court's denial of her motion to vacate the court's entry of default and default judgment against her under Federal Rule of Civil Procedure 60(b)(4). We have jurisdiction under 28 U.S.C. § 1291. We affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We review the denial of a motion to vacate a judgment under Rule 60(b)(4) de novo, but we review the district court's factual findings about jurisdiction for clear error. *SEC v. Internet Sols. for Bus. Inc.*, 509 F.3d 1161, 1165 (9th Cir. 2007); *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998).

Rule 60(b)(4) provides that a court may relieve a party from a final judgment if that judgment is void. Fed. R. Civ. P. 60(b)(4). And the Ninth Circuit has long held that a judgment is void if it was entered against a defendant over whom the court lacked personal jurisdiction. *See, e.g., Ruiz v. Snohomish Cnty. Pub. Util. Dist. No. 1*, 824 F.3d 1161, 1165 (9th Cir. 2016). Assuming the Rule 60(b)(4) motion was timely, we turn to whether the district court had personal jurisdiction over Zeng when it entered judgment against her.

1. Wang's service of process on Zeng was proper. The Federal Rules of Civil Procedure permit service of process in accordance with state law. Fed. R. Civ. P. 4(e)(1). And California allows service by publication if the party to be served cannot "with reasonable diligence be served in another manner specified in this article." Cal. Code Civ. Proc. § 415.50(a). To effect proper service by publication, notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *In re Emily R.*, 80 Cal. App. 4th 1344, 1351 (2000) (internal quotations omitted).

Wang exercised reasonable diligence in attempting to serve Zeng before requesting service by publication. The district court noted that, in an attempt to serve Zeng with process, Wang's private investigator searched California's official databases, county clerks' filings, court dockets, and social media, as well as traveled to Zeng's various properties in California. Wang also served Victoria Chan, one of the defendants and the daughter-in-law of Zeng, with process for both herself and Zeng, at which point Chan received the papers and said "okay." Zeng retorts that service was improper because she was residing in China, not California. But Zeng's cited cases, *In re D.R.*, 39 Cal. App. 5th 583, 591 (2019) and *Lebel v. Mai*, 210 Cal. App. 4th 1154, 1164 (2012), hold that service is improper when a plaintiff *knows* that the defendant resides in another country. The record makes clear that, upon Wang's reasonable belief, Zeng resided and could be served in California.[1]

And Wang's service by publication was reasonably calculated to give Zeng notice. The summons was printed in the Los Angeles Times, one of the most widely circulated newspapers in California, four times over two months. And while the

---

[1] Zeng was the chairwoman of the California Immigrant Investment Fund, an entity which was incorporated in California and has its principal place of business in Los Angeles. Zeng also obtained mortgages on her Arcadia property in 2011 and 2016 which indicate her agreement to occupy the property as her principal residence and which designate it as her mailing address, respectively. That a deed of trust from 2011 lists a Chinese address, and that Wang once met Zeng in an office in China in 2016, are insufficient to show that Wang knew Zeng resided in China.

case number was misprinted, the publication did not reference a completely unrelated case. It contained Zeng's name, and the case number referred to another lawsuit before the Central District of California in which Zeng is a party. The district court correctly "[found] it implausible that a defendant, seeing their name in a published notice, would look up the case number, find that the case number is for a different action that also names the same defendant, and then deem themselves absolved of knowledge of either lawsuit – especially when the plaintiff has already attempted service in several other manners."

2. Zeng's argument that the Hague Convention on Service should have applied also fails. "Where service on a domestic agent is valid and complete under both state law and under the Due Process clause, our inquiry ends and the [Hague] Convention has no further implications." *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 707 (1988). As shown above, service of process was valid under California law. And service was valid under the Due Process clause because it was "reasonably calculated . . . to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 261 (2010) (quoting *Mullane v. Central*

*Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).[2]  The district court did not err by determining that the Hague Convention on Service did not apply.

Because we find that service of process was proper, we do not reach whether Zeng consented to personal jurisdiction in California.  The district court had personal jurisdiction over Zeng when the judgment was entered.  The judgment is not void.

**AFFIRMED.**

---

[2] The district court noted the extensive surveillance and searches by Wang's retained investigator and counsel, as well as their visits to several addresses in an effort to effect service on Zeng.