Filed 7/17/25  Kelly v. Tow CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| GREGORY KELLY,<br><br>    Plaintiff and Appellant,<br><br>        v.<br><br>MARC TOW et al.,<br><br>    Defendants;<br><br>JIN K. HYMERS,<br><br>    Objector and Respondent. | G064417<br><br>(Super. Ct. No. 30-2021-01209852)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, David A. Hoffer, Judge. Affirmed. Respondent's Motion for Sanctions. Denied. (Cal. Rules of Court, rule 8.276.)

Gregory Kelly, in pro. per., for Plaintiff and Appellant.

No appearance for Defendant.

Vick Law Group and Timothy Scott Vick for Objector and Respondent.

\* \* \*

Plaintiff Gregory Kelly subpoenaed documents from Jin K. Hymers, a third party. When he received only objections in response, Kelly moved to compel production. Kelly notified Hymers's counsel that the motion had been filed and was set for hearing, but did not serve the motion on Hymers as required by California Rules of Court, rule 3.1346. Hymers nevertheless served and filed a written opposition to the motion and, in that opposition, requested monetary sanctions against Kelly.

When the motion came on for hearing, Kelly argued he could not be sanctioned because the motion had not been personally served on Hymers and, accordingly, was never made within the meaning of Code of Civil Procedure section 1005.5.[1] The trial court rejected that argument and ordered Kelly to pay Hymers sanctions of $2,925. Kelly appealed.

We hold Kelly's failure to properly serve the motion did not protect him from an award of sanctions and affirm.

## FACTS

In November 2022, Kelly was awarded a default judgment against defendant Mark Tow. During proceedings to collect on the judgment, Tow informed Kelly he had transferred substantial assets to be held in trust

---

[1] All further statutory references are to the Code of Civil Procedure.

2

by Hymers. In an attempt to learn about those assets, Kelly issued a deposition subpoena to Hymers.[2] Hymers responded with objections.

Kelly moved to compel production from Hymers pursuant to sections 1985.3 and 1987.1. Kelly notified the attorney who had served objections on Hymers's behalf that the motion had been filed but he never served Hymers as required by California Rules of Court, rule 3.1346. Hymers nevertheless filed and electronically served an opposition to the motion, which included a request for a $2,925 sanctions award against Kelly. In reply, Kelly asserted the court did not have jurisdiction to issue sanctions because the motion was not personally served on Hymers and, therefore, had never been made.

The trial court continued the hearing on the motion to compel for supplemental briefing on the service issue. After supplemental briefing was completed, the court heard and denied the motion to compel production and ordered Kelly to pay monetary sanctions of $2,925 for bringing a motion without substantial justification. Kelly appeals that order.

DISCUSSION

I.

THE TRIAL COURT HAD JURISDICTION TO HEAR THE MOTION

AND AWARD SANCTIONS

The crux of this appeal is whether the trial court had jurisdiction to award sanctions against Kelly.[3] Because the facts surrounding service of

---

[2] The subpoena in question is not part of the appellate record.

[3] Kelly does not challenge the merits of the sanctions award. He therefore has forfeited any objection to the substance of the award. (*Tiernan v. Trustees of Cal. State University & Colleges* (1982) 33 Cal.3d 211, 216, fn. 4 [issue not raised on appeal deemed waived]; *Swain v. LaserAway Medical*

3

the motion are not in dispute, we review the jurisdictional question de novo. (*Lebel v. Mai* (2012) 210 Cal.App.4th 1154, 1159.) We conclude the court had jurisdiction to hear the motion and award the sanctions.

Kelly's argument that his motion was never actually "made" relies on section 1005.5, which reads in pertinent part: "A motion upon all the grounds stated in the written notice thereof is deemed to have been made and to be pending before the court for all purposes, upon the due service and filing of the notice of motion, but this shall not deprive a party of a hearing of the motion to which he is otherwise entitled."

"'The principal purpose of the requirement to file and serve a notice of motion a specified number of days before the hearing ([Code Civ. Proc.,] § 1005, subd. (b)) is to provide the opposing party adequate time to prepare an opposition. That purpose is served if the party appears at the hearing, opposes the motion on the merits, and was not prejudiced in preparing an opposition by the untimely notice.'" (*In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 828–829.)

Section 1005.5 exists for the benefit of the opposing party. Any objection based on failure to properly serve the motion belonged to Hymers— the party to be served—not Kelly, the party responsible for service. Hymers prepared and filed an opposition addressing the merits of the motion, thereby waiving any objection regarding service. (*Reedy v. Bussell* (2007) 148 Cal.App.4th 1272, 1288 ["'[i]t is well settled that the appearance of a party at the hearing of a motion and his or her opposition to the motion on its merits is a waiver of any defects or irregularities in the notice of the motion'"].)

_____

*Group, Inc.* (2020) 57 Cal.App.5th 59, 72 ["""Issues not raised in an appellant's brief are [forfeited] or abandoned"""].)

4

The trial court had authority to hear the motion and award sanctions.

## II.

### HYMERS'S REQUEST FOR SANCTIONS ON APPEAL

Hymers seeks sanctions of $5,522.50 against Kelly for filing an allegedly frivolous appeal.[4] Sanctions may be issued when an appeal "was frivolous or taken solely for delay." (§ 907; Cal. Rules of Court, rule

---

[4] In his opposition brief, Kelly asserted the "Legal Standard" section of Hymers's motion for sanctions (found at pp. 6–8) appears to plagiarize a 2017 article written by Janet Gusdorff. (<https://www.gusdorfflaw.com/wp-content/uploads/2021/11/Appellate-Sanctions-Article-2017.pdf> [as of July 9, 2025] archived at: <https://perma.cc/GN8V-DUC5>].) We take judicial notice of the existence of the article, which confirms Kelly's assertion of plagiarism. With only a handful of insubstantial punctuation or word changes, this portion of Hymers's motion is identical to the language of the article, and the copied portions do not appear in quotation marks and are not attributed to Ms. Gusdorff.

To say the least, the unattributed use of another attorney's material is of concern to this court. It is a serious breach of ethics and a violation of rule 8.4 of the Rules of Professional Conduct, which provides it is professional misconduct for a lawyer to "engage in conduct involving dishonesty, fraud, deceit, or reckless or intentional misrepresentation." (Rules Prof. Conduct, rule 8.4(c), asterisk omitted; see also *Lohan v. Perez* (E.D.N.Y. 2013) 924 F.Supp.2d 447, 460 ["With respect to defendant's allegations that the majority of the Opposition was plagiarized, plaintiff and her counsel do not deny these assertions. Indeed, defendant's submissions to the Court evidence that almost the entire text of the Opposition is taken from unidentified, unattributed sources. [Citation.] Obviously, this type of conduct is unacceptable and, in the Court's view, is sanctionable pursuant to its inherent powers"].) Because counsel readily took responsibility for the unattributed use of Ms. Gusdorff's language and apologized for what he described as an inadvertent error, we elect not to impose sanctions. We strongly caution counsel, however, to ensure no further acts of plagiarism infect his briefing in this or any other court.

5

8.276(a)(1).) "To determine whether an appeal is frivolous, we apply both a subjective standard, examining the motives of appellant and its counsel, and an objective standard, analyzing the merits of the appeal. [Citation.] A finding of frivolousness may be based on either standard by itself, but the two tests are ordinarily used together, with one sometimes providing evidence relevant to the other. [Citation.] [¶] 'Courts have struggled to apply . . . section 907. [Citation.] On the one hand, the statute should be used to compensate for a party's egregious behavior, and to deter abuse of the court system and the appellate process. [Citations.] On the other hand, sanctions should not be awarded simply because an appeal is without merit. Indiscriminate application of section 907 could deter attorneys from vigorously representing their clients, and deter parties from pursuing legitimate appeals.' [Citation.] [¶] An appeal is considered objectively frivolous ""when any reasonable attorney would agree that the appeal is totally and completely without merit.""" (*Malek Media Group, LLC v. AXQG Corp.* (2020) 58 Cal.App.5th 817, 834.)

Although we reject Kelly's argument, we do not find it rises to the level of an objectively frivolous appeal.

## DISPOSITION

The trial court's postjudgment order awarding sanctions is affirmed. Hymers shall recover costs on appeal. Hymers's motion for sanctions against Kelly is denied. (Cal. Rules of Court, rule 8.276.)


GOODING, J.

WE CONCUR:


MOORE, ACTING P. J.


SANCHEZ, J.